UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-2045

DIANE WAMENYI PAFE,

             Petitioner,

      v.

MICHAEL B. MUKASEY, Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A98-730-167)

Submitted:  April 23, 2008              Decided:  May 13, 2008

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Edward Neufville, III, THE MORAIS NEUFVILLE LAW FIRM, LLC, Silver
Spring, Maryland, for Petitioner.  Jeffrey S. Bucholtz, Acting
Assistant Attorney General, Anthony W. Norwood, Senior Litigation
Counsel, Shahrzad Baghai, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diane Wamenyi Pafe, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order finding her removable and denying her applications for asylum, withholding from removal, and withholding under the Convention Against Torture ("CAT"). Pafe challenges the Board's adverse credibility finding.[*] We deny the petition for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2007). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a

_____

[*]Although Pafe makes passing reference to it in her brief, she does not present any substantive argument challenging the Board's affirmance of the immigration judge's denial of withholding of removal or protection under the CAT. Accordingly, those claims have been abandoned. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

- 2 -

protected ground.  Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum.  8 C.F.R. § 1208.13(a) (2007); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  This court will reverse the Board "only if the evidence presented by the petitioner was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find sufficient evidence supports the Board's adverse credibility finding and the record does not compel a different result.  Therefore, we will not disturb the Board's denial of Pafe's application for asylum.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED